## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

**CASE NO.: 0:11cv60649**

**RAFAEL ORTIZ, and others
similarly situated,**

     **Plaintiffs,**

**vs.**

**LTP Management Group,
Inc. d/b/a Hooters; Hooters of
Pembroke Pines Inc. and Hooters
of America LLC.**

     **Defendants,**

_____/

### COMPLAINT

Rafael Ortiz, and others similarly situated, by and through his attorney of record, hereby sues the referenced Defendants and says as follows:

### I.
### PARTIES

1.    Plaintiff Rafael Ortiz is a male resident of Hialeah, Miami-Dade County, Florida. Due to the scope of the Defendants' violative conduct, as addressed more fully below, Rafael Ortiz intends to act as a class representative of all others similarly

1

situated pursuant to Federal Rule of Civil Procedure 23.

2. Defendant HOOTERS OF PEMBROKE PINES, INC. is a corporation authorized to do business in the state of Florida, and may be served with process through its registered agent Richard Simeone, 4411 Clevelaner Avenue, Fort Myers, FL 33901.

3. Defendant LTP MANAGEMENT GROUP INC., D/B/A HOOTERS is a corporation authorized to do business in the State of Florida, and may be served with process through its registered agent Richard Simeone, 4411 Clevelaner Avenue, Fort Myers, FL 33901.

4. Defendant HOOTERS OF AMERICA, LLC. is the franchisor of Hooters brand restaurants across the United States, including those Hooters restaurants operating in Florida and the one specifically named herein. It is a Georgia corporation which does business in Florida and it may be served with process through its registered agent CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

5. Unless otherwise referenced, Defendants may be referred to collectively as "HOOTERS." Plaintiff alleges that Defendants were "joint employers" and are jointly responsible for violations of Title VII alleged herein. Further, Defendants HOOTERS OF PEMBROKE PINES INC. and LTP MANAGEMENT GROUP INC.,

2

D/B/A HOOTERS are a single integrated business enterprise in that they shared offices, management, accounting, banking, ownership, and purpose. All Defendants bear responsibility for the liability alleged herein.

## II.
## JURISDICTION AND VENUE

6.     This Court has jurisdiction in that federal claims have been raised under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq.*

7.     Venue is proper in the U.S. District Court for the Southern District of Florida, Fort Lauderdale Division because the events sued upon occurred in Broward County, Florida which is where the Defendants' restaurant is located.

8.     All procedural prerequisites to the filing of suit have been met.

## III.
## FACTUAL BACKGROUND

9.     In April 2010, Ortiz applied for a waiter's job at the Hooters restaurant located at 7990 Pines Blvd, Pembroke Pines, FL 33024. Ortiz was well qualified to work as a waiter.  Hooters is a restaurant chain which operates in almost 45 states, and in many other countries around the world.

10.    Upon his visit, Ortiz was told by the on-duty manager that Hooters, locally and nationally, would not hire males for waiter's positions because the positions are reserved for "females only."  Ortiz was denied a waiter's position

3

because of his gender in violation of Title VII.

11.     Hooters attempts to circumvent the law by referring to its waiters as "Hooters Girls." Hooters contends that since its food servers are Hooters Girls, males may not be employed in that role. Hooters is incorrect since, in the stores, Hooters Girls' primary function is to serve food and drinks. A male or female can perform this job function and, therefore, is not entitled to the defense of bona-fide occupational qualification.

12.     Ortiz applied to become a food server, not a Hooters Girl. Ortiz is not through this suit attempting to deprive Hooters of its right to employ Hooters Girls. He is only attempting to ensure that males and females have the same opportunity to serve food and earn income therefrom.

13.     Hooters may further claim that some time ago it created "gender neutral" positions for which both males and females could apply. The two positions were bartender and kitchen. It is presumed that Hooters will argue that this somehow insulates them all from liability. Hooters is wrong. Absent a legal excuse, a company is not permitted to choose which positions are suitable for male or female.

14.     Just as Southwest Airlines attempted nearly three decades ago with stewardesses, the waiter's position addressed herein is being limited to females by an employer "...who merely wishe[s] to exploit female sexuality as a marketing tool to

4

attract customers and insure profitability." *See, Craft v. Metromedia, Inc.,* 766 F.2d 1205, 1215 (8th Cir.1985)(citing *Wilson v. Southwest Airlines).*

15.     So brazen is Hooters that it actually informs male applicants both orally upon application or online via its website that males need not apply for a waiter position. What is so insidious about this is that by preventing males from applying, Hooters attempts to buffer itself against litigation since there would be little or no record of males who wanted to apply for a job but were dissuaded from doing so.

## IV
## CAUSE OF ACTION/CLASS ACTION

16.     In light of the foregoing factual assertions, Defendants as employers, joint employers, and single integrated business enterprises, are liable to Plaintiff Ortiz and all similarly situated males for having discriminated against them on the basis of gender in violation of Title VII. Defendants conspired to violate Title VII by coordinating policies and procedures which prevented males from working as waiters at Hooters restaurants.

17.     Ortiz anticipates filling a motion for class certification pursuant to Federal Rule of Civil Procedure 23. This class is expected to consist of all males across the state of Florida who applied for the position of waiter at a Hooters restaurant and were denied same.

5

## V.
## DAMAGES AND PRAYER

18.     Plaintiff respectfully prays for all relief to which he is entitled either at law or in equity, including actual compensatory damages, back pay, front pay, reinstatement (as appropriate), attorney's fees, costs, emotional damages, pre-and post-judgement interest at the maximum legal rate, and punitive damages

19.     Plaintiff further prays that the Court grant an injunction preventing Hooters from discriminating against male applicants for the waiters position.

## VI
## JURY DEMAND

20.     Plaintiff requests a trial by jury.


Respectfully Submitted,

Dated: March 25, 2011

SIMON SCHINDLER & SANDBERG, LLP

/s/     Anthony V. Falzon
Anthony V. Falzon, Esquire
Florida Bar No. 69167
afalzon@miami-law.net
2650 Biscayne Boulevard
Miami, FL 33137
Tel.: (305) 576-1300
Fax: (305) 576-1331

6